UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRONE CURTIS GEORGE SR,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-850-JD-MGG

DR MICHAEL PERSON,

Defendant.

OPINION AND ORDER

Tyrone Curtis George, Sr., a *pro se* prisoner housed in the LaPorte County Jail, filed an complaint alleging that Dr. Michael Person (the jail doctor) is deliberately indifferent to his sickle cell anemia.[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal

---

[1] "Sickle cell anemia is an inherited form of anemia – a condition in which there aren't enough healthy blood cells to carry adequate oxygen throughout your body. Normally, your red blood cells are flexible and round, moving easily through your blood vessels. In sickle cell anemia, the rood blood cells become rigid and sticky and are shaped like sickles or crescent moons. These irregularly shaped cells can get stuck in small blood vessels, which can slow or block blood flow and oxygen to parts of the body. There's no cure for most people with sickle cell anemia. But treatments can relieve pain and help prevent problems associated with the disease." https://www.mayoclinic.org/diseases-conditions/sickle-cell-anemia/symptoms-causes/syc-20355876 (last visited Nov. 7, 2018).

constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, George alleges that when he became incarcerated, Dr. Person changed his treatment and prescription medicine. As a result, he is suffering severe pain and has had to go to the hospital twice. "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Though it is unclear whether Dr. Person's treatment is a substantial departure from accepted professional practice, judgment, or standards, the complaint has plausibly alleged that it could be. Therefore, George will be granted leave to proceed against Dr. Michael Person.

As a final matter, the only relief George specified in the complaint is that Dr. Person be removed as the attending physician at the LaPorte County Jail. ECF 3 at 5.

However, that relief is outside the scope of what is available in this lawsuit. Nevertheless, because George alleges that he is not receiving adequate medical care for his sickle cell anemia, the court will allow him leave to proceed against Dr. Person for injunctive relief.

For these reasons, the court:

(1) GRANTS Tyrone Curtis George, Sr., leave to proceed against Dr. Michael Person for injunctive relief to obtain medical treatment for his sickle cell anemia, as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Person at the LaPorte County Jail with a copy of this order and the complaint (ECF 3) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Michael Person respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 8, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT